UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENVER GOREE, No. 111992,

                        Plaintiff,                    Case No. 2:19-cv-10869
                                                                  Hon. Gershwin A. Drain

v.

MICHIGAN PAROLE BOARD,

                        Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Denver Goree is a prisoner incarcerated at the Earnest C. Brooks Correctional Facility, located in Muskegon County, Michigan. The pro se complaint names the Michigan Parole Board, which is located in Ingham County, Michigan as the party defendant. The complaint asserts that Plaintiff was improperly denied parole consideration after 1992 when the Parole Board was reconstituted and its rules changed. The case will be transferred to the United States District Court for the Western District of Michigan.

The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. § 1391," which states that "'[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States.'" *Atlantic Marine Const. Co.*

1

*v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013) (quoting 28 U.S.C. 1391(a)(1)). The general venue statute "further provides that '[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.'" *Id*. (quoting 28 U.S.C. 1391(b)). "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id*. If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to sua sponte transfer [the] case" under section 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Muskegon and Ingham Counties are part of the Western District of Michigan. 28 U.S.C. § 102(b). The defendants reside in Ingham County and the events forming the basis for the complaint occurred in Ingham or Muskegon County. Because there is no apparent basis for venue to lie in this district, but there

are facts in the complaint suggesting that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Accordingly, the Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Western District of Michigan.

**SO ORDERED.**

Dated: May 16, 2019

                                              s/Gershwin A. Drain
                                              HON. GERSHWIN A. DRAIN
                                              United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 16, 2019, by electronic and/or ordinary mail.

                                              s/Teresa McGovern
                                              Case Manager